A. L. BANKS *et al., as Partners, etc.,* v. ROSA C. SCHOLZ.

No. 15,861.    (100 Pac. 625.)

SYLLABUS BY THE COURT.

CONTRACTS—*Interest.* Under a contract reciting that "this contract, entered into this 24th day of March, between Banks Brothers and Rosa C. Scholz, whereby . . . the said Banks Brothers . . . agree to pay to the said Rosa C. Scholz the sum of $120 per year after the year 1905 for each year they carry a certain mortgage of $12,000, payable to E. G. Drake, which they have assumed," where the 12,000-dollar note referred to was paid and the mortgage released December 30, 1905, the instalment of $120 falling due January 1, 1906, should be paid.

Error from Marshall district court; SAM KIMBLE, judge. Opinion filed March 6, 1909. Affirmed.

*W. W. Redmond,* for plaintiffs in error.

*W. J. Gregg,* and *J. D. Gregg,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This is an action commenced by Rosa C. Scholz in the district court of Marshall county to recover the sum of $120 on a contract which reads:

"VLIETS, KAN., March 24, 1904.
"This contract, entered into this 24th day of March, between Banks Brothers and Rosa C. Scholz, whereby . . . the said Banks Brothers . . . agree to pay to the said Rosa C. Scholz the sum of $120 per year after the year 1905 for each year they carry a certain mortgage of $12,000, payable to E. G. Drake, which they have assumed.        BANKS BROTHERS,
                                        ROSA C. SCHOLZ."

The plaintiff recovered, and the defendants bring the case here for review.

The controversy arises over the interpretation of the contract, it being contended by the defendants that nothing would become due thereon after the year 1905, if before the expiration of that year the 12,000-dollar

mortgage referred to were extinguished; and, that mortgage having been fully paid and released of record on December 30, 1905, no payment of $120 could become due thereafter.

On the other hand the plaintiff insists that, while the $120 per annum fell due January 1 of each year, the consideration therefor was the use of the $12,000 during the preceding year, and the payment of that debt one day before the year expired should not avoid payment of the interest for that year.

The facts surrounding this transaction, if fully given, might aid materially in the interpretation of the contract, but the abstract is very meager in this respect. It appears, however, that Mrs. Scholz had valuable land in Marshall county upon which a mortgage was given to secure a note of $12,000, with interest thereon at the rate of five per cent. per annum, payable annually upon the first day of January, due ten years after date, and also a note for $1200, payable in ten equal annual instalments of $120 on January 1, without interest. This last note represented one per cent. interest on the 12,-000-dollar note, making the interest on such note six per cent. per annum in the aggregate. It was stipulated in the 12,000-dollar note that it might be paid at any interest-paying period. This note was held by one E. G. Drake. Who was the holder of the other note does not appear.

As a part of the consideration for the purchase of the land, Banks Brothers assumed and agreed to pay these notes. On March 24, when the contract was completed, the amount of the 1200-dollar note was deducted from the part of the purchase-price to be paid directly to Mrs. Scholz, and by stipulation it was to be paid to her in instalments as provided in the contract sued upon. The instalment falling due January 1, 1905, was paid; that becoming due January 1, 1906, is the one involved in this action. The intention of the parties is not easily discoverable from the language of the con-

Wagon Co. v. Wilson.

tract itself. Taken literally, it seems to sustain the view that after the year 1905 nothing would be payable on the instalment note unless the 12,000-dollar note was in existence. On the other hand, the $12,000 represented by the note for that amount was to bear interest at the rate of six per cent. per annum, one per cent. of which was represented by the instalment note, which was to be paid to Mrs. Scholz. As long as the 12,000-dollar note was unpaid, and carried by Banks Brothers, it drew six per cent. interest; as soon as it was paid all interest stopped. In our view the 12,000-dollar note drew interest at the rate of six per cent. per annum from January 1, 1905, to December 30, 1905, one-sixth of which was then due to Mrs. Scholz. In view of the situation of the parties this seems to be the more reasonable interpretation of the contract and effectuates what the parties intended.

The district court took this view, and we can not say it is erroneous. The judgment is therefore affirmed.